UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF GRACE H. DOHRING,

             Plaintiff,

v.                                    Civil Case No.: 23-cv-12800
                                    Honorable Gershwin A. Drain

WASHINGTON NATIONAL
INSURANCE CO.,

             Defendant.

_____/

## ORDER DENYING MOTION TO REMAND [#7], DENYING MOTION TO DISMISS [#4] AND CANCELLING HEARING

### I.    INTRODUCTION

Plaintiff, the Estate of Grace H. Dohring, filed the instant action in the Wayne County Circuit Court on October 4, 2023 seeking to recover money allegedly owed under a life insurance policy issued by Defendant Washington National Insurance Company.  Defendant timely removed the action to this Court on November 3, 2023.  Now before the Court is the Plaintiff's Motion to Remand, filed on November 23, 2023.  Defendant filed a Response opposing Plaintiff's Motion to Remand on December 7, 2023.  Plaintiff filed a Reply in support of her motion on December 14, 2023.  Also, before the Court is Plaintiff's Motion/Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil

Procedure.  In this motion, Plaintiff erroneously attempts to invoke Rule 41(a)(1) to dismiss this action from federal court.  Defendant did not file a response to Plaintiff's improper motion. Upon review of the parties' submissions, the Court finds that oral argument will not aid in the disposition of these matters. Accordingly, the Court will resolve Plaintiff's motions on the briefs and cancels the March 11, 2024 hearing.  *See* E.D. Mich. L.R. 7.1(f)(2).  For the reasons that follow, the Court will deny both of Plaintiff's pending motions.

## II.    FACTUAL BACKGROUND

Plaintiff died in 1986, at age 64, after living in a sudden and unexpected comatose state.  At the time of Plaintiff's death, she was receiving a monthly annuity check from Defendant.  Defendant was notified of Plaintiff's death in 1986 evidenced by its discontinuation of sending Plaintiff's monthly annuity check. Plaintiff's estate was closed in 1987.

In addition to Plaintiff's monthly annuity payment, she also had a $5,000 fully paid whole life insurance policy, number 050-104020, with Defendant at the time of her death. Plaintiff alleges this policy was issued in 1944.  Defendant failed to inform Plaintiff's heirs about the life insurance policy, number 050-104020, and held onto her money until the policy was escheated to the State of Michigan.  In 2023, Plaintiff's estate was reopened once the life insurance policy was discovered when it was escheated to the State of Michigan.

Plaintiff further maintains that policy number 050-104020 is only part of this litigation.  She argues there are other policies with Defendant but believes policy number 050-104020 is the policy that escheated to the State of Michigan.  As to the other policies at issue, she asserts Defendant also had contractual obligations under the following policy numbers:

    a)  119059 with a $4,000 face value whole life insurance since approximately 1947,
    b)  121514 with no known details,
    c)  5012479 with no known details.

Plaintiff filed the instant lawsuit alleging claims of breach of contract (Count I), Statutory Interest under MICH. COMP. LAWS § 500.2006 (Count II), Negligence (Count III), Breach of Fiduciary Duty Within a Special Relationship of Trust and Reliance (Count IV), Fraudulent Concealment and Unfair Business Practices (Count V), and Money Embezzlement and Conversion (Count VI).

In her Complaint, Plaintiff alleges that she is entitled to statutory penalty interest at a rate of 12% annually under MICH. COMP. LAWS § 500.2006 totaling $331,159.00.  She further claims that Defendant paid a token amount of $241.64 as statutory penalty interest for its wrongful failure to pay on her life insurance policy.  Plaintiff maintains the amount covers only penalty statutory interest for 147 days, rather than the 37 years Defendant wrongfully held onto Plaintiff's life insurance payout.

### III.    LAW & ANALYSIS

#### A.  **Motion to Remand**

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a).  A federal district court has original diversity jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.  28 U.S.C. §1332(a).  A defendant removing a case has the burden of proving the diversity jurisdiction requirements. *See Wilson v. Republic Iron & Steel Co*., 257 U.S. 92, 97 (1921).  Here, Plaintiff is a citizen of Michigan and Defendant is an Indiana corporation with its principal place of business in Indiana.

In support of her motion to remand, Plaintiff raises three arguments attacking this Court's diversity jurisdiction.  Specifically, she argues that (A) the "probate exception" to federal jurisdiction applies, (B) the "exclusive of interest" clause in the amount in controversy requirement under section 1332(a) precludes this Court's jurisdiction, and (C)  this is a "direct action" against a liability insurer under 28 U.S.C. § 1332(c)(1); therefore, Defendant is not only a citizen of Indiana, but is also "deemed" to be a citizen of the same state as Plaintiff and diversity of citizenship does not exist.

### 1. Probate Exception

Contrary to Plaintiff's argument, the probate exception does not apply here. "The probate exception is a doctrine that holds that federal courts have no jurisdiction to probate a will or administer an estate, even if jurisdiction would otherwise be proper under diversity." *Voss v. Voss*, 621 F. Supp.3d 816, 822 (E.D. Mich. 2022) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946)).  The probate exception is narrow and applies only where the plaintiff seeks to 1) probate a will, 2) annul a will, or 3) reach *a res* over which the state court has custody. *Voss*, 621 F. Supp.3d at 823 (citing *Chevalier v. Estate of Barnhart*, 803 F.3d 780, 791 (6th Cir. 2015). In determining whether the probate exception applies, it is important to distinguish between actions involving jurisdiction over persons, or *in personam*, and actions involving jurisdiction over property, or *in rem*. *Voss*, 621 F. Supp. 3d at 823.  When a claim seeks relief that would dispose of property that the state probate court controls, the probate exception bars the claim in federal court. *Id*.

It is well settled that life insurance proceeds are not part of the probate estate. *Id.* (citing *Noble v. McNerny*, 165 Mich. App. 586, 419 N.W.2d 424 (Mich. App. 1988 (stating that determining title to life insurance proceeds is ancillary to matters of an estate).  In *May v. JP Morgan Chase & Company*, the plaintiff filed suit in probate court, "seeking the return of funds that Defendant allegedly improperly released to the conservatee." No. 08-152, 2009 WL 482719, at *1 (E.D.

Mich. Feb. 25, 2009).  The defendant removed the case to this Court, but the plaintiff filed a motion to remand, arguing the probate exception applied. *Id*.  In denying the plaintiff's motion to remand, the *May* court observed that the plaintiff similarly sought "to add—or more precisely to recoup—assets to an estate," an objective that "does not implicate the administration or validity of the conservatorship, which would be matters for a probate court." *Id*.  The *May* court further noted the plaintiff's claim only "enjoys concurrent jurisdiction in the probate court … as opposed to the exclusive jurisdiction authorized for other actions." *Id*. (citing MICH. COMP. LAWS §§ 700.1302, 700.1303). Ultimately, the *May* court found the plaintiff's claim was a "separate action to recover property" seeking "an *in personam* judgment against the defendant, which falls outside the scope of the probate exception." *Id*. at \*2 (citing similar cases involving disputes over "insurance benefits" and "property allegedly misappropriated from the estate").

In this case, Plaintiff is not seeking to probate a will, to annul a will, or to administer the Estate.  *Voss*, 621 F. Supp. 3d at 822-23.  Rather, Plaintiff seeks an *in personam* judgment against Defendant in connection with the decedent's life insurance policies, a form of non-probate asset.  Here, as in *May*, the life insurance proceeds "would just add assets to the estate."  *May*, 2009 WL 482719, at \*1.  For these reasons, the probate exception does not apply.

## 2.  Statutory Penalty Interest

In this case, Plaintiff's prayer for relief seeks more than $330,000.00 against Defendant.  Plaintiff's argument is that her claim for statutory penalty interest in the amount of $331,159.00 is excluded from the amount in controversy which is "exclusive of interest and costs."  28 U.S.C. § 1332(a). Where, as here, the plaintiff has "pled in excess of [the] statutory minimum in her Complaint—this Court can remand only if, from the face of the pleadings, it is apparent, *to a legal certainty*, that the plaintiff never was entitled to recover that amount …." *Sanders v. Southwest Airlines Co.*, 86 F.Supp.2d 739, 742 n.1 (E.D. Mich. 2000) (emphasis in original)(internal quotation marks omitted).

While, "[o]n its face," the statutory language of § 1332(a) "appears to exclude attorney fees and interest[,] [t]here is an exception, however, for penalties and attorney fees that are provided by statute." *Torres v. State Farm Mut. Aut. Ins. Co.*, 478 F. Supp. 2d 924, 926-27 (E.D. Mich. 2007).  In this case, the Michigan Uniform Trade Practices Act, MICH. COMP. LAWS § 500.2006(1) provides that unpaid claims not "reasonably in dispute" accrue interest "at the rate of 12% annum."  MICH. COMP. LAWS § 500.2006(1), (4).  Such interest is a penalty and is properly includable in the amount in controversy calculation.  *See Burns v. UNUM Group*, No. 10-cv-11957, 2010 U.S. Dist. LEXIS 113516, at *5 (E.D. Mich. Oct. 26, 2010)(concluding the amount in controversy was satisfied in part because the

plaintiff was seeking the twelve percent penalty interest pursuant to MICH. COMP. LAWS § 600.2006); *see also Talison v. Allstate Property and Cas. Ins*. Co., No. 12-14215, at *3 (E.D. Mich. Aug. 7, 2013)("Even adding the twelve-percent interest allowable by statute, MICH. COMP. LAWS § 600.2006, the amount at issue fails to meet the jurisdictional minimum.").

Further, Plaintiff seeks treble damages and attorney fees, both of which are theoretically recoverable under her conversion claim (Count VI). *See Tyson v. Sterling Rental, Inc.*, 836 F.3d 571, 580-81 (6th Cir. 2016) (*citing* MICH. COMP. LAWS § 600.2919a). For example, in *Shannon v. JP Morgan Chase & Company*, in evaluating the amount in controversy, the *Shannon* court found "most convincing" the plaintiff's request for damages "in whatever amount above $25,000 they are found to be entitled, *together with* statutory damages, treble damages, interest, costs and reasonable attorney fees as provided by statute." No. 10-14695, 2011 U.S. Dist. LEXIS 17455, at *5 (E.D. Mich. Feb. 23, 2011) (emphasis in original). This meant "Plaintiffs have requested an amount above $25,000 in damages *in addition to* treble damages," and the amount in controversy was satisfied. *See id.* (emphasis in original).

For all the foregoing reasons, the Court finds that the alleged statutory penalty interest is properly includable in the amount in controversy and that it is

not apparent to a legal certainty that Plaintiff cannot recover in excess of the

$75,000 jurisdictional threshold.  *Sanders*, 86 F.Supp.2d at 742 n.1.

### 3. Direct Action

Finally, this case is not a "direct action" under 28 U.S.C. § 1332(c)(1).

"Direct action" is a legal term of art. *Tuttle v. Metropolitan Life Ins. Co.*, No. 20-

13013, 2020 U.S. Dist. LEXIS 226442, at *3 (E.D. Mich. Dec. 3, 2020). Direct

actions are authorized by state law and are "actions against a tortfeasor's insurance

company to which the tortfeasor is not joined." *Kidd v. Metropolitan Group Prop.*

*& Cas. Ins. Co.*, No. 17-12459, 2017 U.S. Dist. LEXIS 171346, at *2 (E.D. Mich.

Oct. 17, 2017) (*citing Ljuljdjuraj v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 908,

910 (6th Cir. 2014)). They necessarily involve a policy or contract of "liability

insurance." *Tuttle*, 2020 U.S. Dist. LEXIS 226442, at *3 (citing 28 U.S.C.

1332(c)(1)); *see also Dunleavy v. State Farm Fire and Cas. Co.*, No. 10-13879,

2011 U.S. Dist. LEXIS 9384, at *4-8 (E.D. Mich. Feb. 1, 2011) (providing a

detailed history of direct actions).

This case is a first-party action, not a direct action. Plaintiff is suing her own

life insurer for its alleged conduct, not some other alleged tortfeasor's liability

insurer. Therefore, the Court finds that the direct-action exception to section

1332(c)(1) is inapplicable and that Washington National is a citizen of Indiana

alone for the purposes of diversity jurisdiction. *See Kidd*, 2017 WL 11319317, at *1.

### B.  Voluntary Dismissal Under Rule 41(a)(1)

Finally, Plaintiff improperly invokes Rule 41(a)(1) of the Federal Rules of Civil Procedure in an attempt to "voluntarily dismiss, without prejudice, the federal action (only)[.]"  ECF No. 4, PageID.31.  A plaintiff may voluntarily dismiss an action in its entirety before the opposing party serves an Answer or a Motion for Summary Judgment.  *See* Fed. R. Civ. P. 41(a)(1).  However, a plaintiff cannot use Rule 41(a)(1) to dismiss an action from federal court once it has been properly removed.  While Plaintiff may dismiss the entire action without prejudice and refile her action in state court, she cannot dismiss her action from federal court only as she attempts to do here.  This motion will be denied.

### IV.   CONCLUSION

For the reasons articulated above, Plaintiff's Motion to Remand [#7] is DENIED.

Plaintiff's Motion to Dismiss [#4] is also DENIED.

SO ORDERED.

Dated:  February 6, 2024     /s/Gershwin A. Drain
               GERSHWIN A. DRAIN
               United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 6, 2024, by electronic and/or ordinary mail.

/s/ Lisa Bartlett
Case Manager